UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES MASON ALEXANDER,

       *Petitioner*,

v.                                   Case No. 2:06-cv-41
                                      HON. R. ALLAN EDGAR

LINDA METRISH,

       *Respondent*.

_____/

## MEMORANDUM AND ORDER

On February 1, 2006, James Mason Alexander ("Alexander") filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Alexander, a state prisoner in the custody of the Michigan Department of Corrections, challenges the validity of his judgment of conviction in 1981 in Michigan state court for first degree murder.

When a habeas petition is filed under 28 U.S.C. § 2254, the Court undertakes a preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief under § 2254, the Court must summarily dismiss the petition.

After conducting a preliminary review of Alexander's habeas petition, Magistrate Judge Timothy P. Greeley submitted a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). [Doc. No. 7]. The Magistrate Judge recommends that the petition be dismissed with prejudice on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). On page 3 of the report and recommendation, the Magistrate Judge

1

states that 28 U.S.C. § 2244(d)(1)(A) provides the period of limitations and that the other subsections of 28 U.S.C. § 2244(d)(1) do not apply.  It is further recommended that Alexander be denied a certificate of appealability under 28 U.S.C. § 2253(c).

28 U.S.C.§ 2244(d)(1) provides in pertinent part:

A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall runs from the latest of –
(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; ... or;
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Alexander objects to the report and recommendation. [Doc. No. 8].  Alexander contends the Magistrate Judge has erred by focusing exclusively on 28 U.S.C. § 2244(d)(1)(A), and the report and recommendation does not analyze Alexander's arguments that his habeas petition is not time-barred due to the application of 28 U.S.C. § 2244(d)(1)(B) and (D).  Alexander also objects on the ground that the report and recommendation does not address his arguments that the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), is subject to equitable tolling in his case.  Alexander argues the statute of limitations should be tolled under the actual innocence equitable tolling doctrine recognized in *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005), and traditional equitable tolling principles.

After reviewing the record *de novo*, the Court concludes that Alexander's arguments and objections are without merit and are **DENIED**.  The Court agrees with the Magistrate Judge that the habeas petition must be denied and dismissed with prejudice because it is time-barred by the statute

of limitations, 28 U.S.C. § 2244(d)(1)(A).  Alexander has not met his burden of showing that 28 U.S.C. § 2244(d)(1)(B) and (D) are applicable.  Moreover, Alexander has not met his burden of demonstrating that equitable tolling of the statute of limitations is warranted under either the actual innocence equitable tolling doctrine or traditional equitable tolling principles.

The Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).  To resolve Alexander's objections, the Court amplifies and supplements the report and recommendation..

## I.     Background

Because Alexander raises a claim based on the actual innocence equitable tolling doctrine and to facilitate a discussion of his objections, it is necessary to summarize the relevant factual background and procedural history in the underlying criminal case.  In his § 2254 habeas petition and supporting memorandum of law [Doc. Nos. 1, 2], Alexander alleges the following.

On October 30, 1980, the deceased body of Lon Frank (Frank) was discovered lying outside on a sidewalk near the front of an unoccupied house.  Frank died as a result of 46 stab wounds.  Frank's body was fully clothed but his pants zipper was down several inches.  A rectal swab analysis showed the presence of human semen in Frank's rectum which had been deposited there sometime during the last 24 hours of his life.

The police interviewed Alexander who was the last person known to have been with Frank.  Alexander admitted to killing Frank and signed a written confession for the police.  Alexander was charged with murder in the first degree under Michigan law.  The prosecution's theory of the case was that the killing was premeditated, and that Alexander deliberately induced Frank to accompany him to the unoccupied house in a remote location where the murder took place.

Alexander pleaded not guilty and the case was set for a jury trial in the Circuit Court of St. Joseph County, Michigan. Alexander's counsel gave notice of an insanity defense. At the close of the prosecution's case in chief, Alexander's counsel moved for a directed verdict of acquittal on the charge of first degree murder. Alexander's counsel argued there was insufficient evidence to prove beyond a reasonable doubt that Alexander's killing of Frank was premeditated. Defense counsel contended that the proof showed it was a chance meeting between Alexander and Frank, Frank's body was not concealed and was left in a location outside where it was sure to be found, and the multitude of stab wounds tended to show that it was more in the nature of a spontaneous, spur of the moment killing. The trial judge denied the defense motion for directed verdict.

Alexander testified at trial and admitted under oath that he killed Frank. Alexander said that he and Frank went together to the unoccupied house where Frank made a homosexual advance. Alexander's testimony was that he became emotionally upset by Frank's conduct because Alexander had previously had unpleasant homosexual experiences, including attempts to rape Alexander. Alexander also testified that he had been heavily drinking alcohol and smoking marijuana on the day Frank was killed. Alexander asserts that he presented the testimony of a psychiatrist to support his insanity defense. Alexander contends that at the time of the killing, he was suffering from a state of mind diagnosed as a "dissociative disorder with an altered state of consciousness."

According to Alexander, the trial judge did not give instructions to the jury concerning the insanity defense, and the verdict form did not provide an option for the jury to find Alexander not guilty by reason of insanity. It is not clear from the documents submitted by Alexander as to the precise reasons why such action was taken by the trial judge.

4

Alexander claims there was prosecutorial misconduct at the trial.  The prosecutor introduced testimony that a wallet belonging to the Frank was missing.  Frank's wallet was never found and Alexander says there was no direct evidence connecting him to a theft of the wallet.  The prosecutor implied that Alexander killed Frank for the purpose of robbing Frank.  The prosecutor also argued that Alexander raped and sodomized Frank predicated on the evidence of the rectal swab analysis that showed the presence of human semen in Frank's rectum.  Alexander says a Dr. Fluker testified that scientific tests on the human semen were inconclusive and could not conclusively establish whether or not Alexander was the source of the semen.  Thus, Alexander complains he was deprived of a fair trial because the prosecutor inflamed the passions and prejudices of the jury by making these arguments which, in Alexander's view, could not be supported by reasonable inferences from the evidence.

On or about June 9, 1981, the jury found Alexander guilty of first degree murder.  Alexander was sentenced to mandatory life imprisonment with no possibility of parole.  Alexander took a direct appeal of his judgment of conviction to the Michigan Court of Appeals which was denied on August 22, 1983.  His next appeal to the Supreme Court of Michigan was denied on April 27, 1984.  Alexander did not file a petition for writ of certiorari to the United States Supreme Court.  The judgment of conviction became final in July, 1984, after the direct appeals were exhausted.

Alexander delayed filing the instant 28 U.S.C. § 2254 habeas petition until February 1, 2006.  He seeks to explain this extraordinary delay by alleging that he exercised due diligence in pursuing collateral post-conviction relief but he has been impeded by the actions of government officials.  It is alleged that Alexander was transferred from Michigan state custody to federal custody in 1984 for "high risk protective custody needs."  When he was transferred to federal custody, Alexander claims

he was not permitted to bring any of his personal belongings, including his legal papers.  Alexander alleges that he remained in federal custody until September 2000, and he was incarcerated in various different federal prisons in Pennsylvania, Oklahoma, Illinois, and Kentucky.  Alexander asserts that while he was in federal custody, he did not have access to Michigan statutes, case law, and rules of procedure.  Alexander does not have formal training in the law.  Alexander contends he did not know that the Supreme Court of Michigan in 1989 promulgated Michigan Court Rule 6.502 which established a new procedure for collateral post-conviction relief in the Michigan state courts.

Alexander alleges that in 1992, he obtained records concerning his criminal case from his former attorneys for the purpose of preparing a petition for writ of habeas corpus.  Upon reviewing the file, Alexander discovered that his former attorney's brief on direct appeal from the judgment of conviction omitted issues Alexander wanted to raise on direct appeal concerning the fairness of the trial.  In 1992, Alexander chose not to pursue a habeas petition under 28 U.S.C. § 2254.  Although Alexander found some legal issues he wished to pursue in a post-conviction proceeding for collateral relief, portions of the trial transcript were missing.  Alexander claims he had no access to Michigan law concerning the practice and procedures for pursuing post-conviction relief in the Michigan state courts.  This Court notes it is significant Alexander does not allege or show that he ever made a specific request to federal prison officials and Michigan state authorities that he be provided with access to any Michigan Court Rules, or Michigan statutes and case law, and that such a request by him was denied or ignored.

Alexander next says that he was transferred from federal custody back to the custody of the Michigan Department of Corrections in September, 2000.  In May 2001, Alexander wrote a letter requesting information as to the location of the biological material (human semen found on victim

6

Frank's body) in his criminal trial so that he could file a post-conviction motion in the Michigan state courts seeking DNA testing under Michigan law.  In June 2001, Alexander was informed that the Michigan trial court in 1995 had ordered the destruction of the remaining exhibits from the criminal trial.  Alexander alleges that at no time prior to the destruction of the trial exhibits was he personally given actual notice and an opportunity to oppose it.  Alexander alleges that this prevented him in 2001 from obtaining a DNA test of the human semen found on Frank's body.

The documents submitted by Alexander show that in September 1995, the Clerk of the St. Joseph County Circuit Court mailed a letter to Alexander's trial attorneys notifying them that some trial exhibits remained in the possession of the Clerk's office and that the exhibits would be destroyed within fifteen days, but the attorneys were afforded the opportunity to view or reclaim the exhibits prior to destruction if they so desired.  It appears that Alexander's former trial counsel did not discern any need or reason to preserve and prevent the destruction of the trial exhibits from the trial held more than fourteen years earlier in June 1981.  This decision by the attorneys was objectively reasonable under the circumstances.

This Court observes that any proposed DNA testing would have been of no probative value to Alexander.  Alexander confessed to killing Frank and so testified at trial.  Whatever the result of the DNA testing desired by Alexander, it would not be enough to make out a credible, viable claim of actual innocence.  No amount of DNA testing would ever prove that Alexander did not murder Frank.

Alexander subsequently began reviewing Michigan law and he obtained some assistance from a "jail-house lawyer," i.e. fellow inmate or paralegal.  Alexander filed a motion for post-conviction relief in the Michigan trial court which was denied on July 1, 2004.  He appealed to the

Michigan Court of Appeals and the Michigan Supreme Court, and these appeals were dismissed. *People v. Alexander*, 706 N.W.2d 15 (Mich. Sup. Ct. Nov. 29, 2005) (Table).

In the instant 28 U.S.C. § 2254 habeas petition filed on February 1, 2006, Alexander raises the following claims.  First, Alexander claims he was deprived of the constitutional right to due process, a fair trial, and a determination of his guilt by proof beyond a reasonable doubt because the trial judge failed to give jury instructions on his insanity defense.  Second, Alexander claims a violation of his constitutional right to due process because the trial judge gave improper jury instructions defining reasonable doubt, and the trial judge allowed the case to go to the jury on the charge of first degree murder when there was insufficient evidence that the killing of Frank was premeditated.  Third, Alexander claims a violation of his Sixth Amendment right to effective assistance of counsel at trial.  Fourth, Alexander claims all these matters, combined with the prosecutor's alleged improper comments at trial, resulted in a miscarriage of justice that warrants habeas relief under 28 U.S.C. § 2254.

## II.     Habeas Petition Time-Barred By 28 U.S.C. § 2244(d)(1)(A)

As the Magistrate Judge correctly explains in the report and recommendation, Alexander's habeas petition is clearly time-barred by 28 U.S.C. § 2244(d)(1)(A).  The Supreme Court of Michigan denied Alexander's direct appeal from the judgment of conviction on April 27, 1984, and Alexander did not file a petition for writ of certiorari in the United States Supreme Court. Consequently, Alexander's judgment of conviction became final on or about July 27, 1984, once the ninety-day time limit for him to file a petition for writ of certiorari in the United States Supreme Court expired.  Alexander delayed filing the instant 28 U.S.C. § 2254 habeas petition in this Court until February 1, 2006.

8

In calculating the date when the statute of limitations expired on Alexander's § 2254 habeas petition, the Court takes into consideration that 28 U.S.C. § 2244(d)(1) became effective April 24, 1996. There was a one-year grace period from April 24, 1996, for Alexander to file his § 2254 habeas petition within the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). *Knickerbocker v. Wolfenbarger*, 2007 WL 29190, * 4 (6th Cir. Jan. 5, 2007); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000); *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999); *Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999), *overruled on other grounds*, 530 U.S. 1257 (2000). To comply with the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A), Alexander was required to file his § 2254 habeas petition no later than April 24, 1997, which he failed to do.

The fact that Alexander filed and litigated a motion for collateral post-conviction relief in the Michigan state courts after April 24, 1997 – the date when the statute of limitations expired on his § 2254 habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(A) – does not "revive" his time-barred habeas petition or toll the running of the statute of limitations. 28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under" § 2244(d)(1).

The Court concludes that 28 U.S.C. § 2244(d)(2) does not afford any relief to Alexander. Under § 2244(d)(2), the statute of limitations in § 2244(d)(1) is tolled only while a duly filed motion or petition for collateral review or post-conviction relief is pending in state court. The tolling provision in § 2244(d)(2) does not "revive" the already expired statute of limitations period in 28

U.S.C. § 2244(d)(1), i.e. does not restart the clock for Alexander to file a § 2254 habeas petition after the statute of limitations has already expired.  28 U.S.C. § 2244(d)(2) can only serve to toll the statute of limitations that has not yet fully run and expired.  Once the limitations period on Alexander's habeas petition expired on April 24, 1997, Alexander cannot utilize 28 U.S.C. § 2244(d)(2) to toll or revive the running of the statute of limitations on his federal habeas petition under § 2244(d)(1) by subsequently filing a motion for post-conviction relief in the Michigan state courts.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003); *Dawson v. Howes*, 2006 WL 1208001, * 4  (W.D. Mich. May 1, 2006); *Harris v. Hofbauer*, 2005 WL 2045836, * 1 (W.D. Mich. Aug. 22, 2005).

**III.    28 U.S.C. § 2244(d)(1)(B) and (D) Are Not Applicable**

Alexander has not met his burden of showing that 28 U.S.C. § 2244(d)(1)(B) and (D) are applicable to determining when the one-year statute of limitation commences to run on his 28 U.S.C. § 2254 habeas petition.

**A.    28 U.S.C. § 2244(d)(1)(B)**

28 U.S.C.§ 2244(d)(1)(B) provides that the limitation period may run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Section 2244(d)(1)(B) governs cases where a State has taken action to create an impediment that prevents a state prisoner from filing a 28 U.S.C. § 2254 habeas petition.  The State action creating the impediment must be in violation of the Constitution or laws of the United States.

10

This Court finds Alexander has failed to sufficiently plead and show that the State of Michigan, acting in violation of the Constitution or laws of the United States, created an impediment that prevented him from timely filing an application for habeas corpus in federal court pursuant to 28 U.S.C. § 2254.  Even if the Court accepts Alexander's conclusory allegations that Michigan transferred him to federal custody for a period of time, such a transfer did not create an impediment that prevented Alexander from filing a petition for writ of habeas corpus in United States District Court pursuant to 28 U.S.C. § 2254.  While in federal prison, Alexander presumably had access to law library materials and the federal statutes governing habeas corpus, 28 U.S.C. §§ 2244(d)(1) and 2254.  Alexander fails to sufficiently allege and show that the State of Michigan took action that deprived him of access to relevant materials and books on federal law and impeded his ability to research federal law to prepare and timely file a 28 U.S.C. § 2254 habeas petition.  Alexander fails to show there is any good reason why this Court should apply 28 U.S.C. § 2244(d)(1)(B) in this case.

Alexander argues that as a result of his being transferred from Michigan custody to federal custody, he did not have access to Michigan law.  Alexander asserts that his transfer by Michigan to federal custody created an impediment that hindered or prevented him from instituting proceedings in the Michigan courts for post-conviction relief and exhausting post-conviction remedies available under Michigan law as required by 28 U.S.C. § 2254(b)(1).  Alexander cites several cases to support his contention that he is entitled to relief on the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B) on the theory that he did not have access to Michigan law.  *Dahler v. Goodman*, 139 F.3d 911 (10th Cir. 1998); *Dulin v. Cook*, 957 F.2d 758 (10th Cir. 1992); *Blake v. Berman*, 877 F.2d 145 (1st Cir. 1989); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987); *Cooper v. Sumner*, 672 F. Supp.2d 1361 (D. Nev. 1987).  Alexander wants this Court to find

11

that when Michigan transferred him to federal custody, this constituted an action by Michigan creating an impediment within the meaning of § 2254(b)(1)(B).

This argument fails. The Court concludes that 28 U.S.C. § 2244(d)(1)(B) does not provide the statute of limitations here. Alexander does not cite, and this Court has not found, any relevant precedent directly on point that supports Alexander's unusual argument. The cases cited by Alexander are inapposite and are readily distinguishable from the instant case because they do not involve legal analysis and application of the statute of limitations, 28 U.S.C. § 2244(d)(1)(A) and (B). The caselaw cited by Alexander does not, in the context of the statute of limitations, address the key question whether a State has taken action that creates an impediment preventing a state prisoner from filing a 28 U.S.C. § 2254 habeas petition thereby triggering the application of 28 U.S.C. § 2244(d)(1)(b) to determine when the statute of limitations commences to run.

Assuming *arguendo* that Michigan transferred custody of Alexander to the United States government, and further assuming that Alexander did not have access to Michigan law while he was in federal custody, this alone is not enough to make a *prima facie* showing necessary to trigger the application of 28 U.S.C. § 2244(d)(1)(B). Michigan's mere transfer of Alexander to federal custody does not constitute a violation of the Constitution or laws of the United States which is an essential requirement of § 2244(d)(1)(B). Michigan's transfer of Alexander to federal custody is insufficient to demonstrate that Michigan took action to create an impediment that prevented Alexander from either filing a 28 U.S.C. § 2254 habeas petition, or filing an action for post-conviction relief in the Michigan state courts in an effort to exhaust remedies available under Michigan law.

This is especially true where Alexander does not allege, and completely fails to show, that he ever communicated a specific request or demand to any Michigan officials seeking to be furnished

with Michigan law pertinent to his criminal case.  The State of Michigan is under no legal obligation to provide Alexander with access to Michigan law if he never requests it and he makes no effort to actively seek it.  There is no way that Michigan could ever reasonably know that Alexander wanted or needed access to Michigan law because Alexander never asked for it.  There is nothing in the record showing that Michigan ever denied, rejected, or ignored a specific request by Alexander for access to Michigan law.  It would be illogical and defy common sense for the Court to conclude that Michigan has taken action to create an impediment within the meaning of § 2244(d)(1)(B) when there was no reason for Michigan to ever know that Alexander wanted access to Michigan law.  In sum, Michigan has not taken action to deprive or prevent Alexander from obtaining access to federal law and Michigan law.  Consequently, this Court cannot find that Michigan created an impediment that triggers 28 U.S.C. § 2244(d)(1)(b) to determine when the statute of limitations commences to run.

**B**.     **28 U.S.C. § 2244(d)(1)(D)**

28 U.S.C. § 2244(d)(1)(D) clearly is not applicable in the present case.  Section 2244(d)(1)(D) can only apply if Alexander shows that he filed his § 2254 habeas petition within one year from the date on which the factual predicate of his claims could have been discovered by him through the exercise of due diligence.

Alexander does not assert that his instant habeas claims are predicated on newly-discovered facts.  In the § 2254 habeas petition, Alexander raises claims concerning events that occurred during his criminal trial in 1981, and he challenges the sufficiency of the evidence presented at trial.  All of the material factual predicates for the claims raised by Alexander in his § 2254 habeas petition were known to him in 1981 at the time of his trial.  The Court further finds that, at the very least, all

of the material factual predicates for the claims raised by Alexander in his habeas petition could have been discovered by him through the reasonable exercise of due diligence prior to the expiration of the statute of limitations on April 24, 1997.

For these reasons, the Court rejects Alexander's argument that 28 U.S.C. § 2244(d)(1)(B) and (D) are applicable to determining when the statute of limitations commenced to run on his § 2254 habeas petition. The Court agrees with the Magistrate Judge's report and recommendation that Alexander's habeas petition is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

## IV.   Equitable Tolling of Statute of Limitations

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Dawson v. Howes*, 2006 WL 1208001 at * 5. Even though Alexander missed the filing under § 2244(d)(1)(A) for filing his § 2254 habeas petition, he may maintain a habeas action if he meets his burden of demonstrating that equitable tolling of the statute of limitations is appropriate. *Harvey*, 2006 WL 1208066 at * 2; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. July 27, 2005); *Allen*, 366 F.3d at 401.

Alexander makes two equitable tolling arguments. First, Alexander seeks to rely on the actual innocence equitable tolling doctrine recognized by the Sixth Circuit in *Souter*, 395 F.3d at 589-90. If Alexander fails to establish a credible claim of actual innocence under the standard enunciated in *Souter*, 395 F.3d at 589-90, then the Court must next address the second question whether he is entitled to traditional equitable tolling of the statute of limitations based on the five factors outlined in *Dunlap*, 250 F.3d at 1008-1009. *See Harvey*, 2006 WL 1208066 at ** 2-4.

### A.   Actual Innocence Equitable Tolling Doctrine

The statute of limitations, 28 U.S.C. § 2244(d)(1), may be equitably tolled based on a

14

habeas petitioner's credible claim of actual innocence.  *Souter*, 395 F.3d at 589-90; *see also, Knickerbocker*, 2007 WL 29190, at * 5; *Harvey*, 2006 WL 1208066, at ** 2-3; *Ross v. Berghuis,* 417 F.3d 552, 555-56 (6th Cir. 2005); *Griffith*, 2006 WL 724579, at * 4; *Carver v. Sherry,* 2006 WL 1046941, ** 3-5 (W.D. Mich. Feb. 8, 2006).

There is a stringent standard for establishing a credible claim of actual innocence.  Actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Souter*, 395 F.3d at 590; *Griffith*, 2006 WL 724579 at * 4; *Carver,* 2006 WL 1046941 at * 4.  To be credible, a claim of actual innocence requires Alexander to support his allegations of constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence –  that was not presented at his trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Knickerbocker*, 2007 WL 29190, at * 5; *Souter*, 395 F.3d at 590; *Griffith*, 2006 WL 724579, at * 4; *Carver,* 2006 WL 1046941, at * 4.

The habeas court considers all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily by admissible under the rules of evidence that would govern a trial, but with due regard to any unreliability of it.  *Schlup*, 513 U.S. at 327-28; *Knickerbocker*, 2007 WL 29190, at * 5.  Based on this total record, the habeas court must then make a determination about what objectively reasonable, properly instructed jurors would probably decide.  *House v. Bell*, 126 S.Ct. 2064, 2077 (2006); *Schlup*, 513 U.S. at 329; *Knickerbocker*, 2007 WL 29190, at * 5.  The Supreme Court and the Sixth Circuit caution that the actual innocence tolling exception remains rare and may only be applied in extraordinary cases. *Schlup*, 513 U.S. at 321; *Souter*, 395 F.3d at 590.

Alexander's problem is that he fails to clear the initial hurdle of the threshold inquiry necessary to establish a credible claim of actual innocence. The threshold or gateway inquiry is whether there are new reliable facts presented by Alexander that raise sufficient doubt about his guilt to undermine confidence in the guilty verdict at trial. *Schlup*, 513 U.S. at 317 (1995); *Souter*, 395 F.3d at 590. Alexander bears the burden at the threshold or gateway stage to demonstrate that, in light of new reliable evidence, it is more likely than not that no reasonable jury would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Knickerbocker*, 2007 WL 29190, at * 5; *Berghuis,* 417 F.3d at 556; *Souter*, 395 F.3d at 590, 598-99; *Carver,* 2006 WL 1046941 at * 4. In other words, Alexander must make a threshold showing it is more likely than not that, viewing the record as a whole, no reasonable jury would lack reasonable doubt. *House*, 126 S. Ct. at 2086; *Knickerbocker*, 2007 WL 29190, at * 5. This standard is very demanding and permits judicial review of a claim of actual innocence equitable tolling only in extraordinary cases. *House*, 126 S. Ct. at 2077; *Knickerbocker*, 2007 WL 29190, at * 5.

Alexander argues there should be equitable tolling because he makes a claim of actual innocence of first degree murder. Alexander admits he did kill Frank. The gist of Alexander's actual innocence claim is that there was insufficient evidence at trial to prove beyond a reasonable doubt that his killing of Frank was premeditated. Alexander contends there was evidence presented at trial to support his defenses: (1) that he was temporarily insane at the time of the killing; and (2) that he was incapable of forming the criminal intent to commit premeditated first degree murder because he was voluntarily intoxicated from consuming alcohol and smoking marijuana.

This argument fails. The Court concludes that Alexander is not entitled to equitable tolling

16

of the statute of limitations because he has not met his threshold burden of showing he has a credible claim of actual innocence.   Alexander cannot obtain equitable tolling merely by repeating the phrase "actual innocence" without any submitting new reliable evidence to show that he is factually innocent.

The Court finds Alexander has not met his burden of showing that this is one of those extraordinary cases where a credible claim of actual innocence has been established by new reliable evidence.  Alexander's habeas case falls outside of the actual innocence tolling exception because he fails to present any new reliable evidence to establish that he is factually innocent of the crime for which he stands convicted, first degree murder.

Alexander contends there was insufficient evidence at trial to prove him guilty beyond a reasonable doubt and he was denied a fair trial.  Alexander seeks to rehash the evidence at trial. Alexander also contends that the trial judge committed errors, there was alleged prosecutorial misconduct, and he was deprived of the Sixth Amendment right to effective assistance of counsel. These contentions by Alexander fall far short of what is necessary to establish a credible claim of actual innocence.   A habeas petitioner's claim of insufficient evidence at trial cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations. *Stoker v. Watson*, 2006 WL 1549943, * 1 (6th Cir. June 7, 2006); *Whitt*, 2006 WL 1455560 at * 3; *Bane,* 2005 WL 3501407, at * 6; *Redmond v. Jackson*, 295 F. Supp.2d 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson*, 185 F. Supp.2d 747, 752 (E.D. Mich 2002); *Holloway v. Jones*, 166 F. Supp.2d 1185, 1191 (E.D. Mich. 2001).  This is because actual innocence means factual innocence, not mere legal insufficiency. *Bousley*, 523

U.S. at 623; *Souter*, 395 F.3d at 590.

In the absence of any new reliable evidence from Alexander showing that he is factually innocent, this Court is not persuaded that the allegations and arguments presented by Alexander are sufficient to establish a credible claim of actual innocence. Moreover, based on the evidence presented at the trial, as described by Alexander, it appears that a reasonable jury could find Alexander guilty of first degree murder beyond a reasonable doubt. In sum, to be credible, a claim of actual innocence requires Alexander to support his allegations with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590; *Griffith*, 2006 WL 724579, at * 4. Alexander has not proffered any such new reliable evidence in this habeas proceeding. He has not proffered any new exculpatory scientific evidence, trustworthy eyewitness accounts, or physical evidence to support his claim of actual innocence. Alexander admits he killed the victim, Frank. Under these circumstances, the statute of limitations is not subject to actual innocence equitable tolling under *Souter*, 395 F.3d at 589-90.

### B.    Traditional Equitable Tolling

We now turn to the question whether Alexander is entitled to traditional equitable tolling of the statute of limitations based on the five factors outlined in *Dunlap*, 250 F.3d at 1008-1009. *See Harvey*, 2006 WL 1208066 at ** 2-4. The Sixth Circuit cautions that equitable tolling of a statute of limitations should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009. Alexander bears the burden of showing that equitable

tolling is warranted. *Jagodka*, 148 Fed. Appx. at 347; *Griffin*, 399 F.3d at 635; *Jurado*, 337 F.3d at 642; *Stanley v. Jones*, 2006 WL 1459832 * 1 (W.D. Mich. May 23, 2006); *see also, Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

In deciding whether traditional principles of equitable tolling apply, this Court considers and weighs the following factors: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.   *Solomon*, 467 F.3d at 933; *Anderson v. Carlton*, 150 Fed. Appx. 499, 502 (6th Cir. 2005); *Jagodka*, 148 Fed. Appx. at 347; *Griffin*, 399 F.3d at 635; *Dunlap*, 250 F.3d at 1008-1009; *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988); *Stanley*, 2006 WL 1459832, at * 1.   These five factors are not necessarily comprehensive, nor is each of the five factors relevant in all cases.   *Solomon*, 467 F.3d at 933; *Jagodka*, 148 Fed. Appx. at 347; *Griffin*, 399 F.3d at 635; *Cook*, 295 F.3d at 521.   The federal courts consider equitable tolling and these factors on a case-by-case basis.   *Solomon*, 467 F.3d at 933; *Griffin*, 399 F.3d at 635; *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

For the sake of brevity, the first, second and fifth factors are combined for analysis. *Jagodka*, 148 Fed. Appx. at 347.   Equitable tolling is sometimes appropriate when a litigant has received inadequate notice. *Baldwin v. County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984); *Griffin*, 399 F.3d at 636-37.   Equitable tolling often focuses on whether a plaintiff/petitioner has excusable ignorance of the statute of limitations.   *Id*.

In the case at bar, this Court finds that the first, second and fifth factors do not weigh in favor of equitable tolling.   Alexander does not make an argument that the first, second and fifth factors are

favorable to his equitable tolling claim.  There is no assertion by Alexander that he had an excusable lack of actual or constructive knowledge of the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).  Although Alexander is untrained in the law, and even if we assume *arguendo* that Alexander may have been unaware of 28 U.S.C. § 2244(d)(1)(A), this does not warrant equitable tolling of the statute of limitations based on the unique facts and circumstances in this case.  Ignorance of the law, even for incarcerated *pro se* habeas petitioners, generally does not excuse late filing and does not justify tolling the statute of limitations.  *Jagodka,* 148 Fed. Appx. at 347; *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003); *Brown v. United States*, 2001 WL 1136000, * 3 (6th Cir. Sept. 21, 2001); *Starnes v. United States,* 18 Fed. Appx. 288, 293 (6th Cir. 2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *Holloway v. Jones*, 166 F. Supp.2d 1185, 1189 (E.D. Mich. 2001); *Sperling v. White*, 30 F. Supp.2d 1246, 1254 (C.D. Cal. 1998).

Alexander focuses his attention on the third factor.  Alexander contends he exercised due diligence in pursuing his post-conviction rights after he was returned from federal custody to the custody of the Michigan Department of Corrections.  This contention fails.  The Court finds that Alexander has not demonstrated reasonable due diligence in pursuing collateral post-conviction relief in the Michigan state courts and bringing the instant 28 U.S.C. § 2254 habeas petition.  The third factor does not weigh in Alexander's favor on the question of equitable tolling.

Alexander does not allege and demonstrate that, during the time period he allegedly was in federal custody, Alexander was deprived of and denied access to relevant federal law, namely 28 U.S.C. §§ 2244(d)(1) and 2254.  While he was incarcerated in federal prison, Alexander either knew or reasonably should have known of the statute of limitations, 28 U.S.C. § 2244(d)(1), that is

applicable to federal habeas petitions brought under 28 U.S.C. § 2254.  Although Alexander is untrained in the law and may not have had actual knowledge of the statute of limitations in 28 U.S.C. § 2244(d)(1), this does not warrant equitable tolling.  Ignorance of the law generally does not warrant equitable tolling of a statute of limitations.  *Allen*, 366 F. 3d at 403; *Jewell v. Harry*, 2006 WL 1360959, * 3 (W.D. Mich. May 18, 2006); *Dawson*, 2006 WL 1208001 at * 5.

With regard to Alexander's contention that he was impeded and hindered in instituting an action for post-conviction relief in the Michigan state courts because he did not have access to Michigan law while in federal prison, Alexander has done nothing more than make exceedingly vague, conclusory allegations.  The Court finds that his bare allegations are insufficient to make a preliminary threshold showing that extraordinary circumstances exist which warrant equitable tolling of the statute of limitations.  *Stanley*, 2006 WL 1459832 at * 1.

The gist of Alexander's claim is that while he was in federal custody and incarcerated in various  federal correctional facilities operated by the United States Bureau of Prisons, the federal prison libraries did not have materials on Michigan state law.  This alone is not enough to establish that equitable tolling is warranted.  To obtain equitable tolling, Alexander is required to show that he exercised due diligence in pursuing his post-conviction rights.  The federal prison officials and the relevant Michigan state authorities would have no way of knowing that Alexander desired access to materials on Michigan law unless Alexander made a specific request for it.  Alexander does not allege and establish that he ever made a specific request either to federal prison officials or to Michigan state officials to provide him with access to Michigan law and that such a specific request was denied or ignored.  It plainly appears from the § 2254 habeas petition that while Alexander was in federal prison, he took no affirmative action or steps to request and seek access to Michigan law

21

governing petitions for post-conviction relief.

Alexander cannot neglect and fail to affirmatively undertake any meaningful steps and action to request or seek access to Michigan law for many years, and then demand equitable tolling of the statute of limitations here on the theory that he did not have access to Michigan law. Alexander's equitable tolling claim fails because he does not allege any facts showing that he made a specific request for access to Michigan law which was denied or ignored by federal prison officials and/or Michigan state officials. Prior to the expiration of the statute of limitations on his 28 U.S.C. § 2254 habeas petition, Alexander knew or believed that he had at least a potential claim for post-conviction relief which he might wish to pursue in the Michigan state courts, but he made no discernable effort to actively seek access to Michigan law to determine what avenues might be open to him to bring an action for post-conviction relief in the Michigan courts. This simply does not amount to reasonable due diligence necessary to state a viable claim for equitable tolling of the statute of limitations, 28 U.S.C. § 224(d)(1)(A).

Finally, the fourth factor, absence of prejudice to the respondent, need not be reached unless the other factors of the five-part test are met. *Jagodka*, 148 Fed. Appx. at 347-48; *Dunlap*, 250 F.3d at 1009. Because Alexander has not met his burden of showing that any of the other factors weigh in his favor, this Court does not reach and address the fourth factor.

## V.   Conclusion

Alexander's objections to the Magistrate Judge's report and recommendation are **DENIED**. The § 2254 habeas petition will be **DENIED and DISMISSED WITH PREJUDICE** because it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is not subject to equitable tolling in this case.

22

For the same reasons that the Court dismisses the habeas petition, the Court finds there is no good-faith basis for an appeal.  An appeal from this judgment would be frivolous and not taken in good faith.  Any application by petitioner James Mason Alexander for leave to proceed on appeal *in forma pauperis* shall be **DENIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a).

Furthermore, should petitioner Alexander file a notice of appeal from this judgment, the notice of appeal shall be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b)(1).  Alexander has not made a substantial showing of the denial of a federal constitutional right.

When a 28 U.S.C. § 2254 habeas petition is denied on the procedural ground that it is time-barred by the statute of limitations, a certificate of appealability may issue only when the petitioner shows, at least, that: (1) reasonable jurists would find it debatable whether the habeas petition states a valid claim of the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the District Court was correct in the procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This Court finds that reasonable jurists would not find it debatable whether Alexander's habeas petition is being properly denied as time-barred by the statute of limitations.  For the reasons expressed by the Magistrate Judge in the report and recommendation, a certificate of appealability is **DENIED** to Alexander under 28 U.S.C. § 2253(c).

A separate judgment will enter.

SO ORDERED.

Dated: February 16, 2007.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE